McCarthy, J.
Appeal from an order of the Family Court of Madison County (McDermott, J.), entered October 31, 2012, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 150 days.
In February 2011, the parties stipulated to an order confirming the Support Magistrate’s finding that respondent was in willful violation of his child support obligation. Family Court determined that such willful violation constituted contempt of court, but suspended any punishment until April 2011 to permit *1092 respondent to purge the contempt. After respondent failed to do so, petitioner moved to vacate the suspended judgment and have the court impose a penalty for respondent’s contempt. In October 2012, respondent appeared by telephone from a correctional facility, waived his right to counsel and admitted that he had not paid the arrears or newly-accrued support payments. Family Court found that respondent had not purged his contempt and imposed a sentence of 150 days in jail, to be served after his release from incarceration on an unrelated criminal matter.[1] Respondent appeals.
Initially, to the extent that respondent challenges the finding of a willful violation, that issue is not properly before us as he did not use the proper method to challenge the February 2011 order establishing the willful violation, i.e., a motion to vacate that consent order (see Matter of Connor CC. [Jennifer DD.], 99 AD3d 1127, 1127 [2012]). Nevertheless, because respondent was deprived of the right to counsel, we reverse. A person who is facing a contempt allegation for willful nonpayment of support, and could potentially be incarcerated for violation of a prior order, has the right to assistance of counsel (see Family Ct Act § 262 [a] [vi]; Matter of Sutton-Murley v O’Connor, 61 AD3d 1054, 1054 [2009]). A waiver of the right to counsel “must be explicit and intentional, and the court must assure that it is made knowingly, intelligently and voluntarily” (Matter of Clark v Clark, 101 AD3d 1394, 1395 [2012]).
At the October 2012 hearing, Family Court advised respondent of his right to counsel, to assignment of counsel and to an adjournment to consult with counsel. Respondent initially said that he wanted to apply for assigned counsel, but then asked how the process would work if he did not have counsel. The court stated that the matter would proceed, and that the question was whether he challenged his failure to pay the arrears. Respondent then stated that he did not pay the arrears, prompting the court to respond that the only question was how much jail time would be imposed. Respondent then stated that there was no need to waste more time and asked if he could continue without counsel. The court said, “You can if you want to,” and respondent said that he wanted to. The court asked respondent three times if he was sure that he wanted to go forward without counsel, and he answered affirmatively. During the ensuing discussion of how much jail time would be appropriate, respondent raised paternity issues, his inability to purge contempt while he was incarcerated and what would happen if he could *1093 not pay the arrears after serving his jail time. Each time, the court informed him that those issues were not presently before the court, and that the court could not give legal advice so he would need to speak to counsel about those issues. After the court imposed sentence, respondent told the court to send him the forms to apply for assigned counsel, leading the court to respond that it was too late because he had already waived counsel and been sentenced.
Family Court never conducted a searching inquiry to determine whether respondent understood the court process and was aware of the dangers of proceeding without counsel (see Matter of Clark v Clark, 101 AD3d at 1395-1396; Matter of Broome County Dept. of Social Servs. v Basa, 56 AD3d 1092, 1093 [2008]). Such an inquiry typically includes consideration of factors including the party’s age, education, occupation and work history, prior experience in the legal system and any other factors that may bear on the validity of a waiver (see Matter of Clark v Clark, 101 AD3d at 1395; see also People v Crampe, 17 NY3d 469, 482 [2011]; Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385-386 [2011]). Here, the court did not ask respondent a single question about any of these factors.[2] Respondent asked several questions indicating that he did not understand the nature or parameters of the proceeding, including raising several issues that Family Court noted were not properly before the court at that time (see Matter of Clark v Clark, 101 AD3d at 1395-1396). The court, however, despite apparently having already determined that respondent had waived the right to counsel, merely stated that respondent would need to discuss those matters with counsel. Additionally, while the main question was whether respondent had paid the arrears, counsel could have made arguments concerning why respondent had not made payments and his circumstances in mitigation or in support of a lesser penalty. The court’s explanation of the issue was oversimplified and, therefore, misleading. As respondent did not knowingly and intelligently waive his right to counsel, and the court did not assure itself of the propriety of respondent’s waiver, we reverse and remit for a new hearing.
Respondent’s remaining contentions are academic in light of our reversal. Stein and Spain, JJ., concur.

. This Court granted respondent a stay of Family Court’s sentence pending appeal.

. Although respondent also appeared without counsel at the February 2011 appearance, Family Court merely noted that fact and proceeded. The court did not ask any questions concerning these factors or obtain a waiver of the right to counsel at that time.